28  403
148a 500
28  403
5ap551

JESSE HALL, AS ADMINISTRATOR, ETC., OF EBER C. DURKEE, DECEASED, RESPONDENT, *v.* RICHARD VAN VRANKEN, APPELLANT.

*Evidence — comparison of handwritings — the genuineness of the signature to be compared with the one in dispute, is to be proved to the satisfaction of the court — 1880, chap. 36.*

Under chapter 36 of 1880, permitting the "comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine," the proof of genuineness is to be addressed to the court as distinguished from the jury.

It is somewhat analagous to evidence tending to prove the competency of one who is called as an expert witness.

*It seems* that to admit a paper without any evidence of its genuineness might be error.

*Hyde* v. *Woolfolk* (1 Iowa, 159), criticised and not followed.

This action was brought upon a promissory note alleged to have been made by the defendant. Upon the trial the court admitted in evidence a deed purporting to have been executed and acknowledged by the defendant, for the purpose of comparing the signature thereof with that of the disputed note. The defendant, who was present in court, made no offer to disprove the genuineness of the signature to the deed or his identity with the person who executed it.

*Held,* that the court did not err in so admitting the deed.

APPEAL from the judgment of the County Court of Fulton county, affirming a judgment of a Justice's Court in favor of the plaintiff. The action was brought by the plaintiff, as administrator of the estate of Eber C. Durkee, deceased, against the defendant, upon a promissory note held by the plaintiff, which purported to have been made by the defendant. The defendant denied the making and delivery of the note and pleaded payment.

*Andrew J. Nellis,* for the appellant.

*N. H. Anibal,* for the respondent.

LEARNED, P. J.:

The statute of 1880, chapter 36, permits the comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine. This proof of genuineness, therefore, is addressed to the court, in distinction from the jury. The evidence on this point is not direct evidence upon the merits. It is somewhat analogous to evidence tending to prove the competency of one who is called as an expert and the like. And the general rule, in regard to such classes of evidence is, that as the evidence is addressed to the court, error cannot be alleged in respect thereto. The degree of proof which shall show that a witness has experience enough to testify as an expert must be left to the trial judge. So, too, the sufficiency of the proof which shall show that a paper is genuine, so that it may be used for comparison, must be also left to the trial judge. Possibly, to admit a paper without any evidence of its genuineness might be error.

Now, in this case, a deed executed and acknowledged by the defendant was admitted for the purpose of comparison with the disputed note. And the defendant objects to this.

Of course, a person, whose name had been signed to a deed, might acknowledge the instrument, and thus adopt a signature made by some other person. And therefore an acknowledgment of a deed is not conclusive evidence that the signature is that of the party. But it is certainly *prima facie* evidence of that fact. In the very great majority of cases signatures to deeds are made by the parties thereto. The cases are rare where a party adopts a signature made by another person.

If a person on borrowing money were to deliver a note purporting to have been signed by him, would not that be *prima facie* evidence that the signature was in fact his own? True he might have caused some one else to sign for him, and by adopting the signature might bind himself. But in the majority of cases such signature would be genuine, and it is therefore *prima facie* to be so considered.

Witnesses have often testified to a knowledge of handwriting, based on correspondence with the party. Now, in such cases, the correspondence might possibly have been written by some other person, with the authority of the party whose name was used. Yet

inasmuch as persons usually write their own letters (unless the letters otherwise indicate), a knowledge of handwriting gained by correspondence makes a witness competent, although the witness never saw the party write.

Now, in the present case, a deed acknowledged by the defendant was offered for the purpose of comparing the signature. The defendant was present at the trial; he made no offer to disprove the genuineness of the signature to the deed, a matter which he could easily have done, if it had not been genuine, and it was thereupon admitted for comparison only.

The defendant urges that this was improper, because he says that a certified copy from the record would, on this principle, be equally proper as a standard of comparison. (Code C. P., 935.) But there is no weight in that argument. A certified copy does not purport to contain the signature of the party; but on the contrary purports to contain a copy thereof. The original deed purports to contain the genuine signature. We think that there was not an absence of all evidence as to the genuineness of the signature to the deed, and therefore there was no error in this respect.

It is again urged that there was no proof of identity between the signer of the deed and the defendant. Identity of name, coupled with the fact that the defendant made no offer to disprove the assertion that he was the signer of the deed, was enough to authorize the court to hold the signature of the deed to be the defendant's.

The plaintiff was asked whether that was the signature of the defendant attached to the note; and this was excluded. It did not appear that the plaintiff had any knowledge as to the making of the note, or as to the defendant's handwriting. It does not seem, therefore, that he could have given any evidence in aid of the defendant's case on this point. He afterwards stated that from the evidence before him the signature was defendant's. That testimony was objected to after it had been given. But there was no ruling. It proved nothing and was of no consequence.

On behalf of the defendant, one Phair had testified that the signature to the note was not the defendant's. In order to discredit this testimony he was asked on cross-examination as to certain statements which he had made to the plaintiff respecting this note.

·And afterwards the plaintiff was allowed. to contradict Phair's testimony on this point. The testimony of Phair on his cross-examination was not so collateral that the plaintiff might not contradict it. The admission of the defendant as to the existence of the note was coupled with the assertion that it had been paid. The fact that the note was still in possession of the plaintiff tended to contradict the defendant's assertion that it had been paid.

The important question in this case is that which is first discussed in the opinion. The others are of little consequence. And we may add, that under the Iowa statute· referred to, the instrument used for comparison is to be "proved to be genuine" — not proved to the satisfaction of the court. Thus it would seem that the question of genuineness in that State is one for the jury. We cannot, for that reason, give much· weight to *Hyde* v. *Woolfolk* (1 Iowa, 159).

An examination of the opinion in that case convinces us that it cannot be taken as a well considered expression of the law. Doubt is therein expressed, whether a writing used for comparison can be proved by the testimony of witnesses, who have only seen the party write, if they have not seen him write that identical paper. And the court, in that case, does not appreciate the reason of the old rule (abolished by the statute under consideration) which forbade the introduction of writings, merely for the purpose of comparison.

The statute allowing comparison of writings is most beneficial. Anyone who has had experience in the trial of questions of disputed handwriting, must have seen the worthlessness of expert testimony. Nothing can be so useful on this class of questions, which are generally perplexing, as to permit an examination with other writings proved to be genuine to the satisfaction of the court. And on this collateral matter we may safely repose a liberal discretion· in the trial judge, who sees much from the conduct of the parties that does not appear on appeal papers.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment affirmed, with costs.